Jarvis R. Burrows *et al.* Plaintiffs in Error, *vs.* Mary C. Merrifield *et al.* Defendants in Error.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. Costs—*compensation of receiver and solicitor may be recovered as costs upon dismissal of bill.* Where the complainant in a receivership proceeding dismisses his bill after the receiver is appointed, the defendant is entitled as a matter of right, under section 18 of the Costs act, to have the compensation of the receiver, including his solicitor's fee, taxed as costs against complainant. (*Wilson* v. *Clayburgh,* 215 Ill. 506, distinguished.)

2. Practice—*court should hear evidence as a basis for fixing receiver's compensation.* In fixing a receiver's compensation, including his solicitor's fee, which is to be taxed as costs upon the dismissal of the bill by the complainant, the court should hear evidence, and such evidence should be preserved in some way if it is desired to sustain the amount of such compensation on appeal.

3. Appeals and errors—*when order fixing receiver's compensation is before appellate tribunal.* Where no appeal can be taken from an order of the court merely fixing a receiver's compensation, an appeal from a subsequent order taxing such compensation as costs against the complainant brings up for review the order fixing compensation.

Writ of Error to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. Edgar Eldredge, Judge, presiding.

The complainants filed a bill in chancery in the circuit court of LaSalle county against the defendants for the appointment of a receiver of the Western Cottage Piano and Organ Company, a corporation, and for other relief. A receiver was appointed, and upon the filing of an answer the complainants dismissed their bill, whereupon the court entered an order fixing the compensation of the receiver at $1000 and its solicitor's fees at $200, and at a subsequent date taxed the receiver's compensation and the solicitor's fees allowed the receiver against the complainants as costs. From that order the complainants prosecuted an appeal to

the Appellate Court for the Second District, where the order of the circuit court, in so far as it taxed the receiver's compensation and solicitor's fees as costs against the complainants, was affirmed, but the order fixing the amount of the receiver's compensation and solicitor's fees was reversed on the ground that the evidence upon which the order fixing the amount of the receiver's compensation and solicitor's fees was based was not preserved in the record by a certificate of evidence or otherwise. The complainants have sued out a writ of error from this court to the Appellate Court to review the judgment of that court in so far as that court held the complainants were liable to pay the compensation of the receiver and its solicitor's fees, and the defendants in error have assigned cross-errors challenging the correctness of the judgment of the Appellate Court in so far as it held the evidence should have been preserved by certificate of evidence or otherwise and incorporated in the record.

EDDY, HALEY & WETTEN, C. H. PEGLER, and BUTTERS & ARMSTRONG, for plaintiffs in error.

WIDMER & WIDMER, and McDOUGALL & CHAPMAN, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is provided by section 18 of chapter 33 of the Revised Statutes (Hurd's Stat. 1908, p. 583,) that "upon the complainant dismissing his bill in equity, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the complainant full costs," and that the recovery of costs in all other cases in chancery not otherwise directed by law shall rest in the discretion of the court. It was held in *McAnrow* v. *Martin,* 183 Ill. 467, that the compensation of a receiver, including his solicitor's fees, falls within the meaning of the term "costs," as used

in the Cost act. When, therefore, the complainants dismissed their bill the defendants were entitled to recover full costs as a matter of right, and the recovery of such compensation and solicitor's fees as costs did not rest in the discretion of the court. (*Askew* v. *Springer,* 111 Illl. 662; see, also, *Highley* v. *Deane,* 168 id. 266, and *Link Belt Machinery Co.* v. *Hughes,* 195 id. 413.) We think, therefore, that the complainants having filed a bill and caused a receiver to be appointed and then dismissed their bill, the court was bound, under section 18 of the Cost act, to tax the compensation of the receiver, including his solicitor's fees, against the complainants as costs, and that the Appellate Court did not err in affirming the order of the circuit court taxing the compensation and solicitor's fees of the receiver against complainants as costs.

The rule announced in *Askew* v. *Springer, Highley* v. *Deane* and *Link Belt Machinery Co.* v. *Hughes, supra,* is an exception to the rule announced in *Wilson* v. *Clayburgh,* 215 Ill. 506.

It appears from the record that the court fixed the amount of the receiver's fees and his solicitor's fees prior to the time when the order was entered directing that said receiver's fees and solicitor's fees be paid by the complainants. At that time said receiver's fees and solicitor's fees were not adjudged against the complainants and the complainants could not have appealed from said order. The appeal to the Appellate Court brought up for review in that court the question of the allowance by the court of the receiver's and solicitor's fees, and as the evidence upon which the order allowing said receiver's and solicitor's fees was based was not preserved in the record by a certificate of evidence or otherwise, the Appellate Court did not err in reversing the order fixing the amount of said fees. (*McMullen* v. *Reynolds,* 209 Ill. 504.) The cross-errors, therefore, must be overruled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*