William Schmidt et al., v. William M. Johnson et al., on appeal of Andrew H. Phelps et al., Appellants, v. Riverview Park Company, Appellee.

## Gen. No. 26,880.

1. COSTS—*when party estopped to claim right to retax.* While, theoretically, a trial court has no jurisdiction to enter an order as to costs while an appeal is pending, where it was done with the consent of all the parties and one of the parties complied with the order by payment of the sum allowed as receiver's fees, such party, was not, after dismissal of the appeal and after affirmance of the decree upon a subsequent writ of error under which no question was raised as to the sufficiency of the order, in a position to claim a right to retax the costs.

2. APPEAL AND ERROR—*when order as to taxation of costs reviewable.* As a writ of error calls for the entire record, an order as to the taxation of costs made before the writ of error was sued out is reviewable thereunder.

3. RECEIVERS—*when decree directing payment of "taxable costs" not construed as including receiver's fees and allowances.* Where the parties had formed an issue on a receiver's petition for the allowance of his fees and knew that it was undisposed of when the decree was entered and that a hearing thereon was to be had and, after continuances, was had, not only as to the amount of the receiver's fees but as to the apportionment thereof, it is apparent that neither the court nor the parties construed the decree, in di-

recting that "taxable costs" be paid by appellants, as including the
receiver's fees and allowances.

4. RECEIVERS—*fees as within term "costs."* A receiver's fees may
be included in the term "costs."

5. COSTS—*what is function of clerk in matter of taxation.* Costs
are taxed by the clerk, his function in that respect is ministerial,
he taxing the bill of costs agreeably with what the statute requires
or what, within its discretionary power, the court may direct.

6. COSTS—*when motion to retax lies.* A motion to retax costs,
as provided for by section 26 of the Statute of Costs (Cahill's Ill.
St. ch. 33, ¶ 26), lies where a party feels aggrieved by an unlawful
charge made by the clerk.

7. RECEIVERS—*when motion as to fees not within purview of stat-
ute as to retaxation of costs.* A motion requiring the court to re-
consider and review its own action in a previous order as to the
apportionment of receiver's fees did not come within the purview
of the statute as to retaxation of costs.

8. RECEIVERS—*when circuit court without jurisdiction to review
order as to apportionment of fees.* The circuit court was without
jurisdiction to review its order as to the apportionment of receiver's
fees where a writ of error was sued out after its entry, and it is
immaterial that no question as to the propriety of such order was
raised under such writ of error, inasmuch as it might have been so
raised.

9. APPEAL AND ERROR—*effect, as to order for payment of receiver's
fees, of affirmance of decree.* When the Appellate Court has, on
writ of error, affirmed the decree of the lower court, it must be
deemed to have approved an order of such court that one of the
parties pay a portion of the receiver's fees, the propriety of such
order not having been questioned.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS
G. WINDES, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1921. Reversed. Opinion filed February 14,
1922. Rehearing denied March 1, 1922. *Certiorari* denied by Su-
preme Court (making opinion final).

LEBOSKY & LEVINE, for appellants; WILLIAM LEVINE,
of counsel.

HELMER, MOULTON, WHITMAN & WHITMAN, for ap-
pellee Riverview Park Company; LLOYD C. WHITMAN
and ROLAND D. WHITMAN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the
court.

This appeal is from an order entered November 20, 1920, on the motion of appellee, Riverview Park Company, made October 15, 1920, to retax costs in the above-entitled suit in which the decree was entered April 20, 1916.

Briefly stated, the order required the clerk of the court to deduct out of the fund deposited with him by the receiver appointed in the cause, $4,652.79, and to pay the same to said company, a cross complainant to the suit.

The decree directed said fund to be paid over to Phelps and Cloher, who were defendants in the suit and are appellants here, "after first deducting the taxable costs," and ordering appellants Phelps and Cloher to pay the "costs to be taxed." That decree was affirmed by this court February 11, 1919, and the mandate was filed with the clerk below February 3, 1920.

At a hearing had July 6, 1916, on the receiver's petition for his costs and allowances and the answers thereto, the court entered an order of that date which fixed the items of the receiver's fees and allowances and ordered Riverview Park Company to pay him the said sum of $4,652.79, and that execution should issue therefor. No objection was made to that order, and pursuant thereto the Park Company paid such sum to the receiver. The order of November 20, 1920, made no change in the items of allowance as fixed by the order of July 6, 1916. Its effect was merely to change the apportionment made in the latter order and to require appellants to pay back to Riverview Park Company the $4,652.79 which it had already paid to the receiver in compliance with the order of July 6, 1916.

The record, therefore, presents practically three questions: (1) The construction to be put on the decree as to the costs; (2) whether the court had jurisdiction to enter the order in question; and (3)

whether in any event appellee was not bound by the order of July 6, 1916.

The contention of appellee that the court had no jurisdiction to enter the order of July 6, 1916, because an appeal from the decree in the case was then pending, is theoretically correct. (*German-American Savings, Loan & Building Ass'n v. Trainor*, 293 Ill. 483.) It was said in the case cited that "pending the appeal the circuit court was without authority to make any order affecting the interests of any of the parties or in any way affecting the costs." When the decree was entered, however, the petition for the allowance of the receiver's fees was pending. While it was taken up for consideration after the appeal had been perfected, yet it is conceded to have been done with the consent of all parties, who engaged in the hearing, and none of them objected to the order as entered July 6, 1916. On the contrary, Riverview Park Company complied with the order and paid to the receiver the sum which it now claims was properly "retaxed" against appellants. The appeal from the decree was dismissed and the appellants therefrom, including Riverview Park Company, sued out a writ of error under which the decree was later reviewed and affirmed.

As a writ of error calls for the entire record, and the writ was sued out after July 6, 1916, the order of that date was reviewable under the same. (*Burrows v. Merrifield*, 243 Ill. 362.) But no question was raised in this court as to its sufficiency or as to what the term "taxable costs," referred to in the decree, comprised. We think, therefore, that appellee is in no position to assert a right to retax the costs, assuming the decree contemplated inclusion of the receiver's fees as a part thereof, in view of its acquiescence in and compliance with the order of July 6, 1916.

But did the words "taxable costs," as used in the

decree, contemplate inclusion of the receiver's fees and allowances? When on November 3, 1915, an order was entered approving and confirming the receiver's report of receipts and disbursements it "provided that the matter of fees to be allowed said receiver be and is reserved for consideration until such time as the receiver may file a petition for the allowance of the same." His petition was filed March 15, 1916. It appeared therefrom that he had already retained from funds in his hands moneys to apply on his fees, and asked with regard to the balance claimed that it be paid to him in the following manner: "Three-fifths by the Riverview Park Company, and two-fifths by the clerk of the circuit court, Cook county, from the funds deposited with him by your receiver." He had already paid three-fifths of the funds in his hands less what he had deducted for his expenses, etc., to the Riverview Park Company, and had deposited the remaining two-fifths, the only fund then in controversy, which was awarded later by the decree to Phelps and Cloher, with the clerk of the court. The parties had formed an issue on the petition and knew that it was undisposed of when the decree was entered, and that a hearing thereon was to be had. When the matter came up at the same term, two days after the decree was entered, they agreed to an order that it should later be determined as in that term, and they continued the matter from time to time until July 6, 1916, when a hearing was had not only as to fixing the amount of the receiver's fees, but also as to the apportionment thereof, as asked for. It seems clear, therefore, that under such circumstances neither the court nor the parties construed the decree, in directing that the "taxable costs" be paid by Phelps and Cloher, as including the receiver's fees and allowances, else the only question before the court thereafter would have been to pass upon the amount thereof, and the court would not, at least without objection, have apportioned

the costs as above stated. It would seem, therefore, from this state of facts that it was not contemplated by the court or any of the parties that the words "taxable costs," or "costs to be taxed," as used in the decree, included the receiver's fees.

It is true that the receiver's fees may be included in the term "costs." (*Burrows v. Merrifield,* 243 Ill. 362.) But costs are taxed by the clerk. His function in that respect is a ministerial one, he taxing the bill of costs agreeably to what the statute requires (section 25, Costs Act, Cahill's Ill. St. ch. 33, ¶ 25) or what within its discretionary power the court may direct. It does not appear whether the clerk ever taxed the costs herein according to said order of July 6, 1916, and, if so, whether the fee bill included said $4,652.79, which, however, was paid without necessity therefor. A motion to retax, as provided for by section 26 of the Statute of Costs (Cahill's Ill. St. ch. 33, ¶ 26), lies where a party feels aggrieved by an unlawful charge made by the clerk, for which the clerk may be penalized. The motion to retax made herein did not come within the purview of that statute. It was not based on an unlawful charge made by the clerk in taxing the fee bill. It was merely a motion requiring the court to reconsider and review its own action in a previous order with which the moving party had without any pretense of mistake or unwarranted action of the clerk, voluntarily complied. Not only do we think that under such circumstances the Riverview Park Company waived all right to a further consideration of the question, but that the court had no power so to review its own action. If reviewable at all, it was reviewable under the writ of error sued out after its entry by which all proceedings in the case come before this court. It makes no difference that no question as to the propriety of such order was then raised. It could have been. (*Burrows v. Merrifield, supra.*) When this court affirmed the decree of the lower court it

must be deemed to have approved the order requiring the Riverview Park Company to pay a portion of the receiver's fees as provided for under the order of July 6, 1916, the propriety of the same not having been questioned.

We think, therefore, that the order appealed from should be reversed.

*Reversed.*

GRIDLEY, P. J., and MORRILL, J., concur.