WILLIAM L. GREENBAUM, complainant,

*v.*

LAFAYETTE & BROAD REALTY CORPORATION et al., defendants.

[Argued January 21st, 1925.    Decided March 16th, 1925.]

Where a receiver was appointed by an order of the court of chancery, which order was reversed by this court as being improvidently made and upon insufficient grounds, the costs and expenses of the receivership are a first lien on the assets in the receiver's hands, but the charges in question should be taxed as part of the costs of the corporation as against the complainant G, as he had wrongfully invoked the jurisdiction of the court of chancery against the corporation.

On appeal from an order of the court of chancery.

*Mr. Jacob L. Newman,* for the complainant.

*Mr. David Bobker* (*Mr. Harry Unger,* of counsel), for the appellants.

The opinion of the court was delivered by

LLOYD, J.

The court of chancery on a bill and affidavits filed by the complainant, Greebaum, appointed a receiver for the Lafayette & Broad Realty Corporation in the person of A. M. Reynolds, with directions to conduct the business of the corporation. The receiver took control of the property of the company and proceeded to administer his trust. On appeal the court of errors and appeals reversed the order appointing the receiver in an opinion clearly evincing that the order of the court below was improvidently made and upon insufficient grounds. *2 N. J. Adv. R. 996; 96 N. J. Eq. 317.*

On July 21, 1924, the receiver filed his report setting forth the receipts and expenditures of the receivership, an unpaid claim for auditing his accounts of $135 and a balance in his hands of $859.35. Subsequently, on September 30th, 1924, he applied for and was granted an order allowing him $750 for his services, and directing that this sum together with the item of $135 for auditors' fees, be paid out of the fund in the receiver's hands. From this order an appeal is taken to this court by the defendant, the Lafayette & Broad Realty Corporation.

The right of a receiver to be paid his costs and expenses from the *corpus* of the estate which he is called on to administer is fully considered and discussed in an opinion filed in *Seidler* v. *Branford Restaurant, Inc.,* No. 34, of the present term of this court, *96 N. J. Eq. 153,* and it is there held that where a receiver is appointed by a court having jurisdiction to make the appointment the costs and expenses of the receivership are a first claim on the assets of the corporation of which he is the receiver, and may by the court be placed ahead of mortgages and other liens. In the present case the court of chancery was undoubtedly possessed of jurisdiction to make the appointment, even though the jurisdiction was improvidently exercised, and for the reasons given in the case cited the order to pay the fees of the receiver and auditor will be affirmed. It does not follow, however, that these charges in the present case should be permitted to ultimately fall on the appellant. The action of the court in appointing the receiver was invoked by Greenbaum, the complainant, and that without warrant. It would be inequitable that the cost of the receivership, which his action thus brought into existence, should be placed on the corporation, the victim of his wrongful act; and while the order appealed from is affirmed, it will be with the further direction to the court below that the charges in question shall be taxed as part of the costs of the corporation as against the complainant, Greenbaum, and be collectible as part thereof.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 12.