Katie Stella, Appellant, v. Paolo Mosele et al., Appellees.

Gen. No. 40,984.

Heard in the second division of this

court for the first district at the October term, 1939. Opinion
filed May 28, 1940.

TAYLOR, CUTTONE, PARTRIDGE & PARKER, of Chicago,
for appellant; ODE L. RANKIN, of Chicago, of counsel.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, of Chicago, for appellee; VINCENT O'BRIEN and JOHN MERRILL BAKER, both of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

By this appeal plaintiff challenges the jurisdiction of the superior court, sitting in equity in a foreclosure proceeding, to assess as damages the costs, expenses and attorneys' fees of a mortgagor who succeeded in having reversed on appeal to this court an order appointing a receiver for property under foreclosure.

Plaintiff had obtained an order appointing a receiver upon the face of the complaint. On appeal of Dominick Varraveto, one of the defendants, the order was reversed by this court in *Stella v. Mosele*, 299 Ill. App. 53. On mandate filed Varraveto had the order vacated and filed a petition in the foreclosure proceeding asking that his expenses, including attorneys' fees incurred in prosecuting his appeal, be assessed as costs of the foreclosure proceeding. The petition was allowed, Varraveto's damages were assessed at $247.35, and taxed as costs against plaintiff, and it was ordered that execution issue thereon.

The order appointing the receiver required plaintiff to file bond in the sum of $200. The principal ground urged for reversal is that the statute requiring the giving of bond to pay damages for the wrongful appointment of a receiver does not vest equity with jurisdiction to assess those damages, and that a court of equity may not assume such jurisdiction but will require the parties to resort to an action at law where trial may be had by jury.

Plaintiff takes the position that, under the general rule, costs may not be taxed by the court or the clerk except as provided in ch. 33, § 18 (Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.055]), and it is argued that, in the absence of statutory provision, damages, including attorney's fees and the necessary expenses incurred in procuring the reversal of the receivership order, cannot be assessed as costs in the foreclosure proceeding.

Ch. 22, sec. 1, par. 54 (Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 106.19]), provides ''That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge conditioned to pay all damages including reasonable attorneys fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; . . .'' There is apparently no dispute as to the liability of plaintiff for the items taxed as costs, nor the amount thereof; nor is it contended on plaintiff's part that the items for which the chancellor found plaintiff liable are not damages within the meaning of the act. It was held in *Strum v. Blair*, 182 Ill. App. 413, that the statute requiring plaintiff to give bond for damages sustained by the wrongful appointment of a receiver, does not limit the recovery of damages to cases where a bond is given, since the bond merely secures the payment of damages, and that it is the wrongful procurement of the appointment that creates the liability. From this it would appear that plaintiff became personally liable for all the items of damages which were taxed against her, and the principal question for consideration is whether the court of equity has the right and power to determine the amount of damages suffered by defendant and to compel payment thereof, in the foreclosure proceeding.

None of the cases cited by plaintiff tends to sustain her contention. She cites *Link Belt Machinery Co. v.*

*Hughes,* 195 Ill. 413, which was decided prior to the enactment of ch. 22, § 54 [Ill. Rev. Stat. 1939; Jones Ill. Stats. Ann. 106.19], in 1903. In that case a creditor's bill was filed to collect a judgment against the debtor corporation and a receiver was appointed to operate the debtor's business, with directions that he assume the lease of the debtor company and attorn to the lessor for the rent provided in the lease. After the assets of the company were sold and distributed and the receiver discharged, there remained an unpaid balance of rent due the lessor from the receiver. The lessor thereupon filed a petition in the pending equity proceeding, asking that the petitioning creditor pay this balance due to the lessor. One of the questions arising was whether a court of equity has jurisdiction to enforce the legal claim for rent, and it was held that if a receiver, who had been improvidently appointed and ordered to take possession of property and pay rent therefor, is discharged upon his showing that he has paid all the funds in his hands to the owner in payment of rent, leaving a balance for rent still due, the court may, upon petition by the owner of the property in the same suit, enter an order requiring the payment of such balance by the petitioning creditor who wrongfully procured the receivership, without vacating prior proceedings or compelling the owner to resort to his remedy at law. It seems to us that this decision does not aid plaintiff, but rather sustains the position taken by defendant, because, in the absence of any statutory question, it was held that the equity court was empowered to enforce, as an incident to its jurisdiction, a claim which was purely legal in its nature, without compelling the lessor to resort to his remedy at law.

In *Brauer v. Laughlin,* 235 Ill. 265, another case cited by plaintiff, for which her counsel on oral argument asked us to substitute *McAnrow v. Martin,* 183 Ill. 467, a bill was filed for specific performance and an accounting. Plaintiff's bill was predicated upon an alleged

trust, but the evidence disclosed that the transaction between the parties created only a debtor and creditor relationship; nevertheless, the court decreed that defendant pay plaintiff some $31,000 due on the loan. The decree was reversed because the whole basis for equitable relief had failed and the court was therefore without jurisdiction to pass upon plaintiff's legal claim.

In *Hogg v. Hohmann*, 330 Ill. 589, the bill alleged equitable ground for relief but the proof failed to sustain the pleadings. Although the trial court found that there was no conspiracy, it entered judgment for the amount due on the note in question. The decree was reversed on the ground that complainant had a complete remedy at law.

In *McAnrow v. Martin*, 183 Ill. 467, which plaintiff's counsel submitted on oral argument, the appointment of a receiver was reversed as having been improvidently made, and one of the questions that arose was whether the receiver was entitled to retain from the funds in his hands any amounts for services for himself as receiver or of his solicitor in the matter of the receivership. The court held that the order of appointment having been vacated the receiver was obliged to look for his fees and compensation to the complainant in the suit upon whose application he was appointed. Under this ruling it would seem idle to argue that although the complainant could be charged with fees due the receiver and his solicitor, where the appointment was improvidently made, the chancellor would nevertheless be without jurisdiction to charge the complainant with costs, including solicitors' fees, for procuring a reversal of an order appointing a receiver. The decision cited merely holds that after the receivership order is reversed the receiver is required to restore the money to the person entitled thereto, and that he "cannot claim compensation out of the funds in his hands, but must look therefor to the party who secured his appointment." The case does not hold that the receiver is com-

mitted to an action at law in another proceeding to collect his fees, and in fact we find no authority cited in the briefs of either counsel which approves such a procedure.

Some of the foregoing decisions are in line with the general doctrine that where the complaint fails to allege ground for equitable jurisdiction, or, having alleged such ground, fails to make out a case in equity, the chancellor will not be justified in awarding a complainant relief for which there is a remedy at law. The corollary of this proposition, however, is equally well established; where equitable grounds are alleged and proved, the chancellor may at the same time, in order to do complete justice between the parties, determine matters which, if raised in an independent suit, would be cognizable only in a court of law. (*Roach & Co. v. Harding*, 348 Ill. 454, 474; *McIntyre v. McIntyre*, 287 Ill. 544, 550.)

Plaintiff calls attention to ch. 69, §§ 9 and 12 (Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.357, 109.360]) which specifically vests courts of equity with jurisdiction to determine the damages caused by the wrongful issuance of an injunction when claimed upon dissolution thereof, and it is argued by analogy that the absence of a corresponding provision in ch. 22, sec. 1, par. 54 (Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 106.19]), dealing with damages resulting from the wrongful appointment of a receiver, shows that equity never acquired jurisdiction by statute, to determine and award the amount of damages upon revoking an order appointing a receiver. The reason for this difference in the provisions of the statutes probably lies in the fact that in the majority of injunction proceedings the main relief asked is the restraining order, and if the grounds therefor fail to be proved, equity would completely lose jurisdiction of the cause, in the absence of statute, and the question of damages would have to be decided in a court of law. On the other hand, receivers are usually

appointed as incidental to the main relief sought, and where the order appointing the receiver is held to have been improvidently entered, equity still has jurisdiction of the case generally, and ought to be empowered to award damages for the wrongful appointment of the receiver as an incident to its jurisdiction, although the question of damages would ordinarily be cognizable only in a court of law.

The contention of plaintiff that as a general rule costs may not be taxed by the clerk of the court except as specified by the statute, is, of course, subject to exception, as shown by plaintiff's own cases. (*Schmidt v. Johnson*, 224 Ill. App. 291; *Burrows v. Merrifield*, 243 Ill. 362.)

In the absence of any direct authority on the question, it seems to us that, under the broad powers which courts of equity are generally held to possess, where a receiver was improvidently appointed on plaintiff's petition, thereby having caused defendant to incur expenses in obtaining a reversal of the order, the power to assess and tax the damages incurred, as costs, is incidental to the powers of the equity court, especially where the pending suit is clearly cognizable in equity and the assessment of costs, even though legal in character and not specifically authorized by statute, becomes incidental to the settlement of the parties' rights. In view of the fact that plaintiff does not question the amount of the damages assessed against her, it would seem a useless act to commit defendant to an independent suit for the recovery of damages which are admittedly proper and may readily be determined in the pending equity proceeding.

The order of the superior court is therefore affirmed.

*Order affirmed.*

SULLIVAN, P. J., and SCANLAN, J., concur.