James F. Fleming, Appellee, v. Robert Jones, Jr., and Juanita Jones, Appellants.

Gen. No. 46,876.

First District, Second Division.
November 27, 1956.
Released for publication January 8, 1957.

Howard T. Savage, of Chicago, for appellants.

Louis J. Hyde, of Chicago, for appellee.

PRESIDING JUSTICE ROBSON delivered the opinion of the court.

This is an appeal by defendants Robert Jones, Jr. and Juanita Jones from an order entered in the Municipal Court of Chicago on October 25, 1955, in favor of plaintiff, James F. Fleming, in a forcible entry and detainer action. The trial court taxed costs against defendants in the sum of $72, the expense incurred by plaintiff in having the bailiff evict defendants from the premises involved.

The record reveals that on July 8, 1955, judgment for possession was entered against defendants because of their failure to pay rent. The order also found plaintiff's costs at $9. The issuance of the writ of restitution was stayed until August 1, 1955. Defendants failed to deliver up the premises to the plaintiff before that date and it was necessary to execute the writ. This was done by the bailiff of the Municipal Court of Chicago and the premises returned to the possession of the plaintiff. The bailiff's return of August 4 found that the eviction fees of $72, which plaintiff had advanced, were unsatisfied. On October 25, 1955, without notice to defendants, an order was entered taxing said expense of the bailiff as costs to defendants. On November 14, 1955, defendants filed a petition to vacate the order of October 25, 1955, alleging that they had no notice of the entry of the order, that the costs were taxed more than ninety days after the cause was disposed of by judgment and therefore the court had no power to enter such order.

The trial court entered an order denying the petition to vacate. Defendants allege as reasons for reversal of this order the grounds set forth in their petition to vacate.

■■ We are of the opinion that there is no merit in defendants' contentions. In the judgment order of July 8, 1955, the issuance of the writ of restitution was stayed until August 1, 1955. This benefited the defendants. If they had moved from the premises be-

108

fore August 1, 1955, there would have been no additional costs. However, they failed so to do. In forcible entry and detainer, the statute provides that in addition to judgment for possession, the plaintiff may have a judgment for his costs. Ill. Rev. Stat. 1955, ch. 57, par. 13. The statute (ch. 53, par. 71) further provides that the sheriff shall be allowed the fee of $3.50 for serving the writ and when aid is necessary shall be allowed to tax in addition the costs thereof. The Municipal Court of Chicago is authorized by statute to charge the same costs as the Circuit Court of Cook County for the execution of writs of restitution and to tax the charges against the unsuccessful party. Ill. Rev. Stat. 1955, ch. 37, par. 416, sec. 56. The statute is definite as to the amount that may be charged and is specific that the unsuccessful litigant may be taxed the costs of executing the writ of restitution. It was impossible to ascertain on July 8, 1955, what the costs would be. The costs of the eviction did not become due and owing to the plaintiff until the bailiff made his return of the writ on August 4, 1955. The subsequent taxing of these costs on October 25 was a mere ministerial act and required no discretion on the part of the court. In fact, it could have been performed by the clerk of the court. Therefore, no notice of motion for taxing costs was necessary and it did not have to be entered within thirty days from the date of judgment. Schmidt v. Johnson, 224 Ill. App. 291, 296; Barkley v. Pool, 105 Neb. 203.

The order of the trial court is affirmed.

Order affirmed.

SCHWARTZ and McCORMICK, JJ., concur.