**DULWORTH & BURRESS TOBACCO WAREHOUSE COMPANY, Inc., et al., Appellants,**

**v.**

**George Olin BURRESS, Appellee.**

Court of Appeals of Kentucky.

June 28, 1963.

Robert M. Spragens, Lebanon, Clifford E. Smith, E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Frankfort, for appellant.

No appearance for appellee on appeal.

STEWART, Chief Justice.

This is an appeal from an order appointing a receiver *pendente lite* to take over the assets of Dulworth & Burress Tobacco Warehouse Company, a corporation.

In 1947, Early V. Dulworth, J. C. Dulworth, Robert L. Dulworth, appellants herein, and George Olin Burress, appellee herein, organized the Dulworth & Burress Tobacco Warehouse Company for the purpose of constructing and operating a tobacco sales warehouse in Greensburg. Each person contributed one-fourth of the original investment and each received one-fourth of the stock issued. These same persons presently own all the corporate stock in the same ratio as they did originally.

Eventually, appellee became dissatisfied with the manner in which the corporate affairs were being managed. In June, 1961, he filed this suit as a creditor and shareholder of the corporation, alleging various irregularities in the conduct of the business of the corporation on the part of the three Dulworths as "shareholders, directors and officers exercising full control" of the corporation. He asked for the appointment of a receiver; for $1345.-18 indebtedness due him; for the recovery

of $12,600 unpaid salary; for an accounting; for the restitution of corporate funds that had been diverted or misapplied; and for dissolution of the corporation and distribution of its assets or, in the alternative, for judgment against appellants in the amount of $100,000 in consideration for which he would surrender his stock.

The hearing on this litigation began May 18, 1962, and continued until circuit court adjourned on the following May 25th, the parties having agreed that appellee might take and introduce as evidence the deposition of one Henry Cox. That deposition was filed on August 4, 1962. Appellee has not yet rested his case but on September 15, 1962, he moved the court to appoint a receiver *pendente lite*. No grounds for this action were stated in the motion for such an appointment. The trial judge thereupon made findings of fact and conclusions of law on the evidence presented solely by appellee and indicated his intention to comply with appellee's request.

On September 19, 1962, appellants obtained from the Court of Appeals a temporary writ restraining the trial judge from effectuating the contemplated appointment. On January 25, 1963, this Court in an opinion held that appellants' remedy by appeal was adequate, and in consequence the temporary writ was dissolved and the application to prohibit the appointment was denied. On January 26, 1963, without notice to appellants and before the mandate dissolving the writ had issued, the trial court signed and entered the order appointing the receiver. This is an appeal from that order.

Appellants filed their brief within the time allowed; appellee has filed no brief in this appeal. RCA 1.260(c) reads: "If the appellee fails to file his brief within the time allowed, the Court may: (1) accept the appellant's statement of the facts and issues as correct; or (2) reverse the judgment if the appellant's brief reasonably appears to sustain such action; or (3) regard the appellee's failure as a confession of error and reverse the judgment with-

out considering the merits of the case." We are electing to dispose of this case in accordance with provisions (1) and (2).

After the order of appointment had been signed, but before the person named therein had qualified to act, appellants appeared before the trial judge in opposition to the proceeding and moved that the appointment be set aside. This motion was accompanied by an affidavit wherein appellants offered to execute a bond in their individual capacity, or to post a bond with corporate surety thereon, for an amount sufficient to satisfy any judgment which appellee might ultimately recover against the corporation; and they also agreed to submit to the entry of an injunction which would forbid any cash withdrawals from the corporation treasury, other than for current bills and tax payments, and which would in addition enjoin any transfer or encumbrance of the corporate real estate *pendente lite*.

In this same affidavit (the statements of which are not in dispute), appellants disclosed that the assets of the corporation consisted of a warehouse free of all liens, located in Green County, with a value in excess of $200,000; that it had cash on hand and owned accounts receivable of more than $100,000; and that its liabilities, exclusive of taxes, were less than $2500. This sworn document stated that their personal combined net worth was over $1,250,000.

The trial judge, after considering the motion and the affidavit, declined to nullify his order appointing a receiver.

Under the facts recited did the chancellor abuse his discretion in appointing a receiver *pendente lite*?

KRS 27.061, which provides the conditions for naming a receiver, states that the appointment of such an officer is not authorized unless and until there is proof that the property or fund in which a party has an interest or right, which is involved in an action, "is in danger of being lost, removed or materially injured." Clark on Receiv-

ers (2nd ed.), in sec. 747, pp. 1105–7, in speaking of the circumstances which warrant the designation of a receiver, has this to say:

"* * * Ordinarily something in the nature of fraud, wilfulness or recklessness in the management of the property and affairs must be shown, some flagrant disregard of official duty as to show the unfitness of the management to control the business. Mere differences of opinion among stockholders or directors as to the business methods or policy of the corporation, cannot of themselves constitute a legitimate ground on which to take the property out of the duly constituted management and place it in the hands of a receiver."

■ The appointment of a receiver, which is a harsh and extraordinary course of action for a court to pursue, is generally regarded as a remedy of last resort. Accordingly, a receiver should not be appointed where there is available another safe, expedient and adequate remedy. Thus in 75 C.J.S. Receivers § 10, p. 669, under the subject of Receivers, it is pointed out that the appointment of a receiver should not be made where the following facts obtain: "Generally a receiver will not be appointed where every purpose of a receivership can be effectually accomplished and the rights of the parties as effectually protected by a bond with good and sufficient sureties, which the adverse party is ready to furnish, or where there is an adequate remedy on a bond or other security previously given." To the same effect see also Fletcher, Cyclopedia of the Law of Private Corporations, Vol. 16, sec. 7733, p. 213. In Stillwell v. Savannah Grocery Co., 88 Ga. 100, 13 S.E. 963, the Supreme Court of Georgia made this pertinent statement in respect to a proposal identical to that submitted by appellants herein:

"The offer to give a bond for all the funds involved and to insure the preservation and protection of the real estate, and the defendants' consent to any decree or order of the court except the appointment of a receiver, was as much as could legally be required to prevent the appointment of a receiver."

■ It is clear beyond any question that it was incumbent upon appellee at least to make a showing that some of the corporation's property was in imminent danger of being lost, removed or materially injured, and that only the immediate appointment of a receiver could avert and prevent a harmful result to his rights. These essential facts were not proven in this case. The trial court believed, and gave as his main reason for making the appointment, that a receiver was needed because the "business and purposes of the corporation are now impaired and seriously threatened by dissension among the stockholders." The evidence introduced does not support such a finding. Even if this condition had existed, it has been heretofore shown this fact, standing alone, would not justify the appointment. Over and above all this, as there was available a less drastic remedy which would fully protect appellee's rights in the corporate property, it was the duty of the court to utilize that remedy. Because of the failure to do so, the receivership appointment must be voided.

Is the corporation entitled to have the costs of the receivership *pendente lite* taxed against appellee?

CR 54.04 provides, in part, that, except when express provision therefor is made either by statute or by the Rules of Civil Procedure, costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Clay's second note to this Rule states: "KRS Chapter 453, and particularly KRS 453.040, generally controls the allowance of costs. Ordinarily, as a matter of course, costs should be allowed the prevailing party. The Rule, however, recognizes a residual

authority in the court to impose costs in its discretion when a statute or these Rules contains no express provision to the contrary." See Clay's Kentucky Practice, CR 54.04, Vol. 7, p. 143.

In Stella v. Mosele, 305 Ill.App. 577, 27 N.E.2d 559, the contention was made that only those items specifically enumerated in the statute could be taxed by the clerk as costs, and that the expense of a receivership which the court had set aside on appeal could not therefore be so taxed. Holding otherwise, that court said:

"In the absence of any direct authority on the question, it seems to us that, under the broad powers which courts of equity are generally held to possess, where a receiver was improvidently appointed on plaintiff's petition, thereby having caused defendant to incur expenses in obtaining a reversal of the order, the power to assess and tax the damages incurred, as costs, is incidental to the powers of the equity court, especially where the pending suit is clearly cognizable in equity and the assessment of costs, even though legal in character and not specifically authorized by statute, becomes incidental to the settlement of the parties' rights."

In Greenbaum v. Lafayette and Broad Realty Corporation, 97 N.J.Eq. 536, 128 A. 168, a receiver was appointed after a hearing by the trial court but, on appeal, it was found the statutory requisites had not been met and the receiver was ordered removed. In remanding the case to the trial court the cost of receivership was ordered "taxed as a part of the costs of the corporation, as against the complainant, Greenbaum, and be collectible as a part thereof."

As a general rule, however, in the absence of a statute or contract expressly providing therefor, attorneys' fees are not allowable as costs, 14 Am.Jur., Costs, sec. 63, pp. 38, 39, nor recoverable as an item of damages, 15 Am.Jur., Damages, sec. 142, pp. 550, 551. See also Kentucky Portland Cement & Coal Co. v. Steckel, 164 Ky. 420, 175 S.W. 663; Kentucky Land & Immigration Co. v. Crabtree, 118 Ky. 395, 80 S.W. 1161, 4 Ann.Cas. 1133. (Attorney's fees may be allowed in some instances under the Rules of Civil Procedure. See, for example, CR 37.01.)

Thus we conclude appellants' counsel may not collect their attorneys' fees in this proceeding from appellee, as none of the conditions exist that permit them to do so. The corporation may collect as costs all other expenses incurred.

Wherefore, the judgment is reversed with directions that the receivership be set aside and that the corporation recover its costs in conformity with this opinion.