RENDERED:  JANUARY 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0022-MR

JAY PICARD
APPELLANT

v.
APPEAL FROM PULASKI CIRCUIT COURT
HONORABLE MARCUS L. VANOVER, JUDGE
ACTION NO. 17-CI-00222

KATHERINE KNIGHT
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND LAMBERT, JUDGES.

CALDWELL, JUDGE:  Jay Picard appeals from the Pulaski Family Court's denial of his motion for attorney fees under CR[1] 68.  We affirm.

## FACTS

Jay Picard and Katherine Knight are the parents of X.C.P. ("Child"), born in 2017.  They have joint custody of Child and equal timesharing.  Under a

---

[1] Kentucky Rules of Civil Procedure.

January 2019 agreed order, Picard was responsible for providing Child's health insurance and paying $500 monthly child support. The order noted its terms were a deviation from the Kentucky child support guidelines, but the family court approved the deviation as reasonable and in Child's best interest.

In May 2020, Knight filed a motion for review and modification of Picard's child support obligation. Knight alleged a material change in circumstances in several respects – including changes in her and Picard's employment. She asked the family court to enter an order setting child support under the Kentucky child support guidelines.

Picard filed a response, joining in the motion for child support modification. He argued his child support obligation should be reduced and requested an evidentiary hearing. Before the family court held the requested evidentiary hearing, both parties filed additional motions – including motions to compel discovery. According to docket notes dated October 1 and entered October 5, the family court ordered that discovery be provided within ten days and reserved issues relating to attorney fees.

Citing CR 68, Picard (by counsel) offered to have judgment entered against him requiring him to pay $150 monthly child support in a letter dated October 2, 2020.[2] Knight did not accept this offer.[3]

After Knight rejected the offer of settlement, the parties continued to file discovery-related and other motions. An evidentiary hearing on child support modification and other matters was set for March 2021.

In June 2021, the family court entered its written findings of fact, conclusions of law, and order. It ruled on multiple pending motions. Among other matters, the family court decided that neither party was obligated to pay child support since they had roughly equal income and equal time sharing – effective mid-May 2020.

The family court ordered Knight to repay Picard the $6,000 in child support he had paid between mid-May 2020 and the date of the order in $50 monthly increments until the overpayment was reimbursed. It also ordered Knight to reimburse Picard for one-half of Child's health insurance costs going forward.

---

[2] The letter began with the statement: "Pursuant to CR 68, my client is willing to have judgment entered against him, on your client's claim for modification of child support, in the sum of $150 per month, payable to your client." (Record on Appeal, "R.," p. 902.)

[3] According to Knight, she did not have enough information to assess the offer because Picard did not provide requested discovery until about October 13 – by which point the ten days to accept the offer had passed. Picard contends that he had already provided sufficient information in tax returns.

Picard filed a motion for attorney fees pursuant to CR 68 on July 1, 2021. He noted his October 2020 offer to pay Knight $150 per month in child support, which she rejected, and the family court's June 2021 decision that neither party should pay child support. He attached to his motion his attorney's affidavit that Picard had paid at least a certain amount in attorney fees and costs related to the child support modification proceedings. Because Knight was awarded "less than what he [Picard] offered to settle for," Picard sought recovery "of those fees and costs as mandated by CR 68(3)."

After additional briefing and argument, the family court issued an order overruling Picard's motion for attorney fees. The family court stated that attorney fees in domestic relations matters were governed by KRS[4] 403.220, which required it to consider the parties' relative financial circumstances. Based on the parties' having roughly equal but modest incomes, the family court determined that awarding attorney fees would be inequitable.

The family court also noted the offer of judgment concerned only child support, but the parties litigated numerous other matters. It concluded awarding attorney fees for just one aspect of the litigation would be inequitable.

In addition to rejecting the request for attorney fees based on these grounds, the family court stated it was unable to find any authority to support

---

[4] Kentucky Revised Statutes.

applying CR 68 sanctions in domestic relations cases. It opined that applying CR 68 attorney fee sanctions to this case would violate public policy as the threat of such sanctions could discourage parents from seeking needed child support modifications.

Picard filed timely motions for additional findings under CR 52.04 and to alter, amend, or vacate under CR 59. Picard requested factual findings related to CR 68 – that he made an offer of judgment on Knight's claim for child support more than ten days before the trial, that Knight rejected the offer, and that the family court "entered judgment" for an amount less than he offered to pay for child support.

He also moved the family court to vacate its denial of his "motion for CR 68 attorney's fees." He argued the family court's interpretation of court rules was contrary to law. He asserted: "CR 68 does not exclude family law cases from relief, nor does it exclude courts from granting attorney fees. It must, therefore, be presumed that the Supreme Court intended CR 68 to apply to claims for child support." He requested the family court vacate its order denying the motion for attorney fees and enter "an attorney's fee award in conformity with CR 68."

The family court denied the motion, declining to issue further factual findings or to change its decision but welcoming guidance from the appellate courts. Picard appealed.

Picard requests that this Court vacate the family court's denial of his motion for attorney fees under CR 68 and remand with instructions to consider an appropriate amount for attorney fees and costs. He argues that CR 68 applies in family law cases and that he was entitled to attorney fees as costs under CR 68.

However, it is not necessary to address these arguments to resolve this appeal. As we discuss herein, CR 68 does not apply where the party who rejects an offer of settlement is not the prevailing party and does not obtain judgment in his or her favor. And Knight cannot be considered to have prevailed or obtained a judgment in her favor under the facts here. So, we affirm albeit for somewhat different reasons than those expressed by the family court.[5]

**STANDARD OF REVIEW**

We review the family court's application and interpretation of legal authority including court rules and statutes *de novo*. *See Lafayette Football Boosters, Inc. v. Commonwealth*, 232 S.W.3d 550, 555 (Ky. App. 2007) ("Our review of the trial court's application of the law is *de novo*.");

---

[5] Though our reasoning differs from the family court's, we may affirm on alternate grounds supported by law and the record before us. "If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014).

*Adamson v. Adamson*, 635 S.W.3d 72, 77 (Ky. 2021) (trial court's resolution of questions of law including the interpretation and application of statutes must be reviewed *de novo*.").

## ANALYSIS

### CR 68 Cannot Apply Here as Offeree Knight Was Not a Prevailing Party

CR 68 contains very similar language to that of Fed. R. Civ. P.[6] 68. Both rules provide that within a certain time prior to trial, a party defending against a claim may make an offer to have judgment entered in favor of the opposing party for specified relief with accrued costs. CR 68(1); Fed. R. Civ. P. 68(a). If the offer is not timely accepted and the judgment obtained by the offeree is not more favorable than the offer of judgment, the offeree must pay the costs incurred after the offer was made under both rules. CR 68(3); Fed. R. Civ. P. 68(d).

Undisputedly, the family court's judgment on the child support modification issue was less favorable to Knight than Picard's offer to pay her $150 monthly child support. But published federal precedent construing Fed. R. Civ. P. 68 and an unpublished opinion by this Court construing CR 68 provide that these rules do not apply to an offeree who rejects an offer of judgment but ultimately does not obtain a judgment in his or her favor.

---

[6] Federal Rules of Civil Procedure.

Construing Fed. R. Civ. P. 68, the United States Supreme Court held the rule did not apply when the offeree/plaintiff who rejected the offer of settlement lost at trial and judgment was entered in favor of the offeror/defendant. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 348-52, 101 S. Ct. 1146, 1148-50, 67 L. Ed. 2d 287 (1981). Although the judgment entered was obviously less favorable to the offeree/plaintiff than the offer of judgment, the high court held Fed. R. Civ. P. 68 inapplicable since it construed a "judgment obtained by the offeree" as not including one entered in the offeror/defendant's favor:

> The Rule applies when the defendant offers to have "judgment . . . taken against him." Because the Rule obviously contemplates that a "judgment taken" against a defendant is one favorable to the plaintiff, it follows that a judgment "obtained" by the plaintiff is also a favorable one.
>
> In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.

*Id.* at 351-52, 101 S. Ct. at 1150.

The high court noted: "Under Rule 54(d) of the Federal Rules of Civil Procedure, the party prevailing after judgment recovers costs unless the trial court otherwise directs" and it recognized that Fed. R. Civ. P. 68 "could conceivably alter the Rule 54(d) presumption in favor of the prevailing party" in certain situations. *August*, 450 U.S. at 351, 101 S. Ct. at 1149. *See also* CR

54.04(1) ("Costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]").[7]

Ultimately, the high court concluded that Fed. R. Civ. P. 68 would not apply where the plaintiff/offeree was the losing party because that would not advance Fed. R. Civ. P. 68's purpose of encouraging settlement:

> The purpose of Rule 68 is to encourage the settlement of litigation. In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial. Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain. Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a formal settlement offer is made. If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer. Because costs are usually assessed against the losing party, liability for costs is a normal incident of defeat. Therefore, a nonsettling plaintiff does not run the risk of suffering additional burdens that do not ordinarily attend a defeat, and Rule 68 would provide little, if any,

---

[7] The current version of Fed. R. Civ. P. 54(d)(1) specifically provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."). And there are different requirements for seeking attorney fees stated in Fed. R. Civ. P. 54(d)(2). In contrast, CR 54.04(1) does not expressly state whether attorney fees can be recovered as costs by the prevailing party. According to the advisory committee notes to Fed. R. Civ. P. 54, subsection (d) was revised in 1987 – a few years after the rendition of *August* – to explicitly exclude attorney fees from the costs ordinarily allowed to the prevailing party. Thus, the version of Fed. R. Civ. P. 54(d) in effect at the time of *August*'s rendition presumably did not explicitly exclude attorney fees from the costs ordinarily allowed to the prevailing party and was more similar to CR 54.04. In any event, attorney fees were not at issue in *August* and its holding is not affected by amendments to Fed. R. Civ. P. 54(d) after *August*'s rendition.

> additional incentive if it were applied when the plaintiff
> loses.

*August*, 450 U.S. at 352, 101 S. Ct. at 1150 (footnotes omitted).

Though there appears to be no published Kentucky authority to the same effect, we concluded in an unpublished opinion that CR 68 does not apply where judgment is entered in favor of the offeror/defendant, citing *August*, 450 U.S. 346, 101 S. Ct. 1146.[8]  We recognize our unpublished opinion is not binding authority, but we consider its reasoning persuasive.  *See* RAP[9] 41(A).

Consistent with the United States Supreme Court precedent in *August* construing Fed. R. Civ. P. 68 and our unpublished opinion construing CR 68, we conclude CR 68 does not apply here.  Though the family court did not formally state it was entering judgment in favor of either party in resolving the child support modification issue, it resolved this issue in Picard's favor rather than Knight's.[10]

Perhaps one could argue that Knight prevailed or obtained a judgment in her favor since she requested child support modification and the family court

---

[8]*See Farris v. Taylor*, No. 2007-CA-001137-MR, 2008 WL 1991717, at *1-2 (Ky. App. May 9, 2008) (noting CR 68 is patterned after Fed. R. Civ. P. 68 and contains nearly identical language and holding CR 68 does not apply when judgment is entered in favor of the defendant/offeror based on the reasoning expressed in *August*, 450 U.S. at 351-52, 101 S. Ct. at 1149-50).

[9] Kentucky Rules of Appellate Procedure.

[10] The family court also resolved multiple other issues, many not of a financial nature, in the same order.  We express no opinion on its resolution of other matters not challenged on appeal.  Regardless of its resolution of other issues, the family court clearly did not resolve the child support modification issue in Knight's favor.

ultimately modified child support. Further, child support payments are intended for the benefit of the child so perhaps neither Knight nor Picard was a prevailing party in a certain sense. But Picard won and Knight lost in terms of their attempts to modify child support in the way each desired. Practically speaking, Knight could not be considered to have prevailed or to have obtained a judgment in her favor.

Again, Picard's monthly child support obligation was reduced from $500 to nothing and Knight became responsible for reimbursing Picard for half the cost of Child's health insurance upon modification. Furthermore, the family court ordered Knight to pay Picard $50 monthly until Picard was fully reimbursed for the $6,000 in child support payments he made during litigation of the child support modification issue.

Under these undisputed facts, Knight did not prevail or obtain a judgment in her favor regarding child support modification. So, CR 68 simply cannot apply and the family court correctly denied Picard's request for CR 68 sanctions against Knight.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the denial of attorney fees.

LAMBERT, JUDGE, CONCURS.

JONES, JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

While I concur with the majority's result, I do so for different reasons. First, I do not believe that CR 68 is applicable in family court cases. KRS 403.220 explicitly provides that the court may order a party in a child custody/child support matter to pay the reasonable attorney's fees of the other party after considering the financial resources of the parties. I do not believe CR 68 can be used to circumvent this statute by removing the family court's inherent discretion to consider the parties' financial resources prior to awarding attorney's fees.

Second, even if CR 68 applied, the Rule provides that: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." CR 68(3). Costs, as defined in CR 54.04, include: "filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such *other costs as are ordinarily recoverable by the successful party*." (Emphasis added.) "As a general rule, however, in the absence of a statute or contract expressly providing therefor, attorneys' fees are not allowable as costs[.]" *Dulworth & Burress Tobacco Warehouse Co. v. Burress*, 369 S.W.2d 129, 133 (Ky. 1963). Because the only

-12-

"costs" requested by Appellant were attorney's fees, the family court properly

denied Appellant's motion for recovery of his attorney's fee pursuant to CR 68 and

considered the matter pursuant to KRS 403.220.[11]


BRIEFS FOR APPELLANT:

William D. Tingley
Hillary A. Hunt
Ft. Mitchell, Kentucky

BRIEF FOR APPELLEE:

Jennifer Thomas
Somerset, Kentucky

---

[11] By its own terms, KRS 403.220 refers to costs *as well as* attorney's fees: "a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter *and* for attorney's fees[.]" (Emphasis added.) If attorney's fees were subsumed under the larger category of costs, it would have been unnecessary for the General Assembly to refer to them separately.