**KENTUCKY STATE BANK, Appellant,**

v.

**AG SERVICES, INC. and its attorney, Edward Faye, Appellees.**

Court of Appeals of Kentucky.

Jan. 6, 1984.

James S. Secrest, Jr., Secrest & Secrest, Scottsville, for appellant.

Edward Faye, Bowling Green, for appellees.

Before COOPER, DUNN and MILLER, JJ.

MILLER, Judge.

This appeal involves the propriety of awarding an attorney's fee under KRS 412.-070. Appellee, AG Services, Inc., (AG), filed suit in Allen Circuit Court to enforce an execution lien upon real estate owned by Layman and Tava Pruitt, against whom AG held a judgment from the Warren Circuit Court. The real estate was encumbered by three mortgages previously executed by Layman and Tava Pruitt in favor of appellant Kentucky State Bank. Kentucky State Bank was made a party-defendant to the proceeding by virtue of its mortgage liens and in accordance with KRS 426.006 and 426.690. Kentucky State Bank through its own counsel answered the complaint setting up the three separate mortgage liens and filed a cross-claim pursuant to CR 13.07 alleging superiority of its liens and requesting sale and ratification. The parties vied for superiority. The mortgage liens of Kentucky State Bank were in fact determined to be superior to AG's execution lien. The real estate was duly sold with the proceeds being insufficient to satisfy the prior liens of Kentucky State Bank. AG and its attorney filed a motion for an attorney's fee pursuant to KRS 412.070. Over Kentucky State Bank's objection, the fee

was allowed to be taxed as costs and paid from the proceeds of the sale before distribution to Kentucky State Bank in partial satisfaction of its superior liens. Kentucky State Bank filed this appeal contending that KRS 412.070 does not authorize an attorney's fee in this instance. We agree and consequently reverse the decision of the Circuit Court. KRS 412.070 provides in part as follows:

COMPENSATION OF PARTY PRESSING CLAIMS IN COMMON INTEREST FOR OTHERS—Notice to interested persons.—(1) In actions for the settlement of estates, or for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common, or for the recovery of money or property which has been illegally or improperly collected, withheld or converted, if one or more of the legatees, devisees, distributees or parties in interest has prosecuted for the benefit of others interested with him, and has been to trouble and expense in that connection, the court shall allow him his necessary expenses, and his attorney reasonable compensation for his services, in addition to the costs. This allowance shall be paid out of the funds recovered before distribution...

Under our law, attorney's fees are not allowable as costs in absence of statute or contract expressly providing therefore. See Holsclaw v. Stephens, Ky., 507 S.W.2d 462 (1973), and Dulworth & Burress Tobacco Warehouse Company, Inc. v. Burress, Ky., 369 S.W.2d 129 (1963). However, this rule does not, we believe, abolish the equitable rule that an award of counsel fees is within the discretion of the court depending on the circumstances of each particular case. See Dorman v. Baumlisberger, 271 Ky. 806, 113 S.W.2d 432 (1938). The foregoing statute provides for specific situations for the charging of attorney's fees to other parties. The case at hand falls outside the perimeter of any situation enunciated in this statute. Moreover, we are constrained to believe that no equitable doctrine supports the award of attorney's fees in this situation. Both parties appeared with counsel contesting superiority of their respective claims. It was a suit for collection of debts by the individual parties. It was not a suit whereby the appellee AG affected any benefit to the appellant Kentucky State Bank. We believe this to be an indispensable element of the award of attorney's fees against an unwilling party either under the subject statute or upon the basis of equitable principles.

For the foregoing reasons, the decision of the trial court is reversed.

All concur.