Carson WRIGHT and Ruby Wright, Appellants,

v.

PREMIER ELKHORN COAL COMPANY, Appellee.

No. 1998–CA–000629–MR.

Court of Appeals of Kentucky.

Aug. 27, 1999.

Discretionary Review Denied by Supreme Court May 10, 2000.

Will T. Scott, Pikeville, KY, for Appellant.

Lee A. Smith, Pikeville, KY, for Appellee.

Before: COMBS, EMBERTON, and McANULTY, Judges.

*OPINION*

COMBS, JUDGE:

This is an appeal from a judgment entered by the Pike Circuit Court in an action involving alleged property damage due to blasting operations. The property owners, Carson and Ruby Wright, appellants herein, argue on appeal that the judgment in their favor was inadequate and that the jury considered inadmissible evidence during deliberation. They also appeal from the order denying the motion to alter, amend and/or vacate and for a

new trial on damages. After reviewing the record and applicable law, we vacate and remand.

On April 17, 1996, Carson and Ruby Wright (the Wrights) filed a complaint against Premier Elkhorn Coal Company (Premier), Bizzack, Inc. (Bizzack) and Unknown Defendants. The complaint alleged that as a result of blasting operations, damage occurred to their home and to several other structures located on the their property.

After various third-party complaints had been filed, the Wrights filed an amended complaint. In addition to re-naming the original defendants, the amended complaint named Battle Ridge Companies (Battle Ridge) and Farmer's Supply and Explosives, Inc. (Farmers Supply) as defendants. Thereafter, the case proceeded to trial.

During the course of the trial, the jury heard testimony from numerous experts regarding the cost of repairs and the amount of diminution in value of the property. The Wrights' experts estimated repair costs at $191,000 and diminution of value as $158,000; Premier's experts arrived at significantly lower estimates of $51,437 and $40,000, respectively. Premier and Bizzack each presented experts who both opined that the damage was not caused by blasting but rather that it was the result of poor construction. The written reports of the experts for Premier and Bizzack were filed into evidence over objection, and the jury was allowed to review the reports during deliberations.

Battle Ridge was subsequently dismissed by a directed verdict. Farmers Supply reached an agreement with Premier, wherein Premier agreed to indemnify Farmers Supply for any liability. As a result, Farmers Supply was not included in the instructions to the jury. The question eventually went to the jury only as to the liability of Premier and Bizzack. The jury found no liability on the part of Bizzack. However, the jury did find that blasting by Premier was a "substantial factor in causing damage" to the Wright property. A judgment of $16,000 was entered against Premier on October 9, 1997.

The Wrights filed a motion to alter, amend and/or vacate and for a new trial on damages. The motion recited that the verdict against Premier was "outside the range of evidence" and that the reports of the defendant's experts were inadmissible "hearsay" which "unduly emphasized" the testimony of those experts. The motion was subsequently denied. This appeal followed.

The Wrights argue on appeal that the trial court erred in admitting into evidence and in allowing the jury to handle and to review the reports of the defense experts. Admitted into evidence over objection, the reports were allowed to go with the jury to the jury room during deliberations.

The reports at issue were prepared by various experts, including a contractor, an appraiser, and a mining and mechanical engineer. Their conclusions pertained to the repair costs and the diminution in value of the property; two of the reports concluded that the damage was not consistent with that of blasting. Since one of these latter two reports was not objected to, it is not considered in this opinion as it was not properly preserved for appellate review.

■ However, counsel for the Wrights vehemently objected to and properly preserved the other three reports for our review. When the reports were introduced into evidence, counsel for the Wrights objected without stating the grounds for this objection. While the court did not interrogate him as to the reason for his objection, counsel for one of the defendants did inquire; the response was "hearsay." The appellee correctly points out that when grounds for an objection are given in the absence of a request by the court, those grounds as stated are binding. *Crain v. Dean,* Ky., 741 S.W.2d 655 (1987).

■ We have examined the objection and the grounds stated. We agree with appellants that the reports constitute hearsay and that they were thus inadmissible. KRE 801(c) defines hearsay as follows:

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

■ The reports, prepared in anticipation of litigation by experts retained for the trial, constitute out-of-court statements utilized to prove the truth of the matter asserted. KRE 801(a) defines a statement as "an oral or written assertion." These reports contained written assertions of the experts in order to prove the truth of the matter asserted (*e.g.*, that specific damage had/had not occurred to the property as the result of blasting along with the dollar amount required to repair or to constitute diminution in value). The law of evidence distinguishes between testimonial and non-testimonial uses of out-of-court statements; the hearsay rule applies only to the testimonial use. *See* Robert Lawson, *Kentucky Evidence Law Handbook* § 8.05 (3 rd ed.1993). As utilized at trial, these experts' reports were testimonial in nature. They were employed to prove the truth of the assertions they contained.

■ In general, testimonial evidence (such as a copy of a deposition) is not allowed in a jury room. The rationale behind banning such testimonial evidence from the jury room is the likelihood that the triers of fact may place more emphasis on written rather than spoken words since the written words are readily before them physically while the spoken words uttered at trial can only be conjured up by memory. We agree that there is a possibility that the jury gave more weight to the reports of the defense experts which were taken into the jury room as opposed to the results of those reports heard only through testimony recounted on the witness stand and heard only through testimony.

■ It was error for the jury during its deliberations to possess and examine exhibits which were erroneously admitted into evidence over objection. *Evola Realty Co. v. Westerfield*, Ky., 251 S.W.2d 298 (1952). The evidence was hearsay that was erroneously admitted, and such an error cannot be said to be harmless. Allowing the jury to consider the reports of the defense experts without equal chance to weigh the reports of the Wrights' experts amounted to undue emphasis on that evidence and resulting prejudice to the Wrights. The evidence was "shrouded in a slanted objectivity." *Davenport v. Ephraim McDowell Memorial Hospital, Inc.*, Ky.App., 769 S.W.2d 56, 61 (1988). Furthermore, "there is a high likelihood that a jury will be unduly impressed with an inordinate perception of their significance." *Id.* at 61. We therefore hold that allowing the jury to consider erroneously admitted evidence during its deliberations was reversible error.

The Wrights further contend on appeal that the $16,000 judgment against Premier was inadequate and outside the range of the evidence presented. In light of our decision to vacate and remand on the evidentiary issue, we need not reach the issue of adequacy of damages. Nor shall we consider the denial of the motion to alter, amend and/or vacate and a new trial for damages as that motion is moot in light of our remand for a new trial.

For the foregoing reasons, the decision of the Pike Circuit Court is vacated and remanded for a new trial on the merits.

ALL CONCUR.