**MO–JACK DISTRIBUTOR, LLC and Charles T. Clark, Appellants**

v.

**TAMARAK SNACKS, LLC and Richard Cohen, Appellees**

**NO. 2013–CA–001845–MR**

Court of Appeals of Kentucky.

RENDERED: DECEMBER 4, 2015; 10:00 A.M.

BRIEFS FOR APPELLANT: .J. Gregory Troutman Louisville, Kentucky

BRIEF FOR APPELLEE: Scott P. Zoppoth Louisville, Kentucky

BEFORE: CLAYTON, J. LAMBERT AND THOMPSON, JUDGES.

## OPINION

THOMPSON, JUDGE:

Mo–Jack Distributor, LLC and its owner, Charles T. Clark, (collectively Clark) appeal from a judgment entered following a jury trial. A jury found Clark committed fraud and forgery and awarded Tamarak Snacks, LLC and Tamarak's owner, Richard Cohen, (collectively Cohen) $65,000 in compensatory damages and $95,000 in punitive damages. Clark alleges three errors: (1) the trial court erroneously instructed the jury on compensatory damages because the only evidence of damages was attorney fees incurred by Cohen in defending this action; (2) the award of punitive damages was constitutionally excessive; and (3) the trial court erred when it did not instruct the jury on an alleged breach of oral contract by Cohen. We agree the award of compensatory damages based only on evidence of the amount of attorney fees incurred by Cohen in defending this action must be reversed and this case remanded for an award of nominal damages and a new trial on the amount of punitive damages. We also hold Clark did not properly preserve his allegation of error regarding his oral contract claim.

In 2011, Clark filed a complaint against Cohen alleging the parties executed a "Bill of Sale and Assignment" and "Individual Guarantee" (referred to together as the contract) on May 29, 2009, for the purchase and distribution of certain snack foods within a designated territory. The alleged contract also contained a covenant not to compete, a covenant not to solicit and a liquidated damage clause establishing $5,000 in damages for each violation. The complaint alleged Cohen breached the contract by failing to pay the agreed amount for snack foods and distributed products outside territory designated in the contract. The complaint alleged Cohen violated the non-compete and non-solicitation clauses on nineteen separate occasions and sought $95,000 in liquidated damages.

Cohen filed an answer alleging a contract did not exist and asserting a counterclaim alleging Cohen's signature on the alleged contract was forged by Clark. Cohen sought damages for forgery and fraud, including punitive damages. Cohen also sought reasonable attorney fees and costs.

A relatively lengthy trial ensued. Much of the evidence is irrelevant to this appeal and does not need to be recited. We address the three issues presented considering the evidence relevant to each.

At trial, Cohen made clear the only damages sought were the legal expenses incurred to defend against Clark's action. The Court ruled that although Cohen could introduce evidence that he was required to hire counsel to defend against the breach of contract action, he would not be permitted to introduce evidence regarding the actual hours billed by counsel or the amount paid. The trial court reasoned that such evidence would permit the jury to award attorney fees, which it could not do under prevailing Kentucky law.

Throughout the trial, the jury heard references to Cohen's employment of counsel to defend. The only evidence regarding the amount of attorney fees came from Clark who, on cross-examination and in response to a question regarding his answers to interrogatories, testified that he was being countersued for $75,000 in attorney fees. Cohen did not testify regarding any amount of attorney fees incurred but

testified he was required to hire counsel to defend the action.

Following presentation of the evidence, the trial court specifically asked Cohen's counsel what evidence supported the damages he claimed for fraud. Counsel responded that Cohen was damaged by expending money to defend this action based on the forged contract. Cohen's counsel stated he understood the attorney fees claim would be subsumed by the claim for compensatory damages in the amount to defend. While the trial court acknowledged the claim for the cost of defense was difficult to differentiate from a claim for attorney fees, the trial court ruled because Cohen introduced evidence he incurred attorney fees caused by Clark's fraud, it would allow the jury to consider the evidence of the "cost of defense."

If there was any doubt Cohen sought to recover attorney fees, it was clarified to the jury in closing argument when counsel explained that the damages sought were the costs incurred to hire his law firm. Counsel argued that legal fees incurred by Cohen were solely due to the fraud and forgery committed by Clark and asked the jury to award damages of $100,000.

Without objection from Clark, the jury was instructed as follows:

> If you have found in favor of the Defendants, Richard Cohen and Tamarak Snacks, LLC against the Plaintiffs, Charles T. Clark and Mo–Jack Distributor, LLC, under Instruction No. 5, then you shall award the Defendants a sum or sums of money, up to $100,000, as you find will fairly compensate them for their damages, if any, as a result of Charles T. Clark forging Richard Cohen's signature.

Pursuant to the instruction, the jury awarded Cohen $65,000 in compensatory damages. Clark filed a motion to alter, amend, or vacate the judgment pursuant to Kentucky Rules of Civil Procedure (CR) 59.05 arguing among other errors, the compensatory damages award was excessive because no evidence of compensable damages was introduced. The motion was denied.

■ Cohen candidly admits to this Court that the only evidence of damages caused by the forgery of the contract was that Cohen incurred "significant legal expenses" to defend the fraudulent lawsuit filed by Clark. Cohen points out the jury heard evidence that Cohen had to hire counsel to defend this lawsuit and the damages sought by Cohen were $75,000 in attorney fees. The issue squarely before this Court is whether the jury could properly award compensatory damages on the evidence presented. The established law teaches it could not.

As a prelude to our discussion, a brief comment is warranted. Cohen's counterclaim asserted Clark forged the contract and then fraudulently filed a breach of contract action. Although the jury was instructed on fraud and found fraud, Cohen's cause of action appears to this Court to be more properly akin to an abuse of process action or one where possible civil sanctions may be proper. However, Clark does not quarrel with the jury's finding of fraud or that Cohen is entitled to nominal damages and punitive damages. With those concessions in mind, we resolve the issues presented.

American courts have typically required "each party to a lawsuit to pay its own legal expenses regardless of the outcome." *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 793 (6th Cir.1988). Under what is commonly referred to as the "American Rule," the English tradition of routinely awarding attorney fees to a prevailing party has been rejected. *Id.*

 Kentucky has long adhered to the American Rule. Generally, "in the absence of a statute or contract expressly providing therefor, attorney fees are not allowable as costs, nor recoverable as an item of damages." *Cummings v. Covey*, 229 S.W.3d 59, 61 (Ky.App.2007). As noted in *Aetna Cas. & Sur. Co. v. Commonwealth*, 179 S.W.3d 830, 842 (Ky.2005), it is a rule deeply embedded in our jurisprudence: "[W]ith the exception of a specific contractual provision allowing for recovery of attorneys' fees or a fee-shifting statute, ... each party assumes responsibility for his or her attorneys' fee[s]."

 Not only are attorney fees typically not recoverable, but Kentucky has taken the view that attorney fees are not compensatory damages. "Compensatory damages are designed to equal the wrong done by the defendant." *Gibson v. Kentucky Farm Mutual Insurance Company*, 328 S.W.3d 195, 204 (Ky.App.2010) (quoting *Jackson v. Tullar*, 285 S.W.3d 290, 297–98 (Ky.App.2007)). Attorney fees are not compensatory damages because any award "does not compensate the plaintiff for any wrong done by the defendant." *Id.*

As with most general rules, there is an exception to the American Rule. In *Batson v. Clark*, 980 S.W.2d 566, 577 (Ky.App. 1998) (quoting *Kentucky State Bank v. AG Services, Inc.*, 663 S.W.2d 754, 755 (Ky. App.1984)), this Court held that the general rule disallowing attorney fees in the absence of a statute or contract providing for such fees does not "abolish the equitable rule that an award of counsel fees is within the discretion of the court depending on the circumstances of each particular case."

 However, the equitable exception does not alter the rule that attorney fees in this Commonwealth are not compensatory in nature. Because the exception is grounded in equity, the issue of whether attorney fees are recoverable is one exclusively within the discretion of the trial court and not properly submitted to the jury as an element of compensatory damages. Unless agreed to by the parties, equitable issues are not triable by juries. *Smith, v. Bear, Inc.*, 419 S.W.3d 49, 58 (Ky.App.2013). Even if permitted, unless otherwise directed by statute, whether attorney fees are available and the amount of such fee "is the responsibility of the trial court, and not the jury[.]" *Gibson*, 328 S.W.3d at 204.

The existing precedent is clear that absent statutory authority, attorney fees incurred to either bring or defend an action cannot be submitted to a jury as an item of compensatory damages. Yet, that is precisely what occurred in this case. There was no evidence of any damages other than the attorney fees incurred by Cohen and, therefore, no evidence to support the instruction permitting a compensatory damage award "up to $100,000."

Despite the error, Cohen asserts the award must stand because the issue was not properly preserved. Cohen contends the issue could have been properly preserved only by tendering a nominal damage jury instruction to the trial court or by objecting to the trial court's compensatory damage instruction.

 CR 51(3) provides as follows:

No party may assign as error the giving or the failure to give an instruction unless he has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection.

The purpose of the rule is to "obtain the best possible trial at the trial court level

by giv[ing] the trial judge an opportunity to correct any errors before instructing the jury." *Sand Hill Energy, Inc. v. Smith,* 142 S.W.3d 153, 162 (Ky.2004)(footnotes and internal quotations omitted).

Clark tendered instructions to the jury that did not include any instructions on Cohen's counterclaim and, when the trial court's proposed instructions were read to counsel, counsel for Clark did not object to any of the instructions. Do these two omissions require this Court to ignore what is an obvious and substantial error in this case? For the following reasons, we decline to base our decision on the nuances of procedure.

First, it is undeniably clear from a review of the record that the issue regarding attorney fees as damages to be awarded by the jury was omnipresent throughout this litigation. The trial court was well aware of the American rule and invoked it when excluding evidence of the amount of attorney fees incurred. Most telling, prior to instructing the jury, the trial court expressed uncertainty with its decision to submit a compensatory instruction on the counterclaim to the jury based solely on evidence that attorney fees were incurred in defending this action. With some reluctance, the trial court ruled it would submit the instruction noting an appellate court may rule differently.

Additionally, the problem here is not with the instruction. As instructed, the jury could have awarded zero damages or only nominal damages. As evidenced by his post-judgment motion, Clark argued the compensatory damages award was excessive as not supported by the evidence.

■■■ Finally, even if improperly preserved, this Court has authority to review alleged errors not preserved at trial under CR 61.02 "upon a determination that manifest injustice has resulted from the error." It is a rule rarely applied and only if the alleged error affects the substantial rights of the parties. *Deemer v. Finger,* 817 S.W.2d 435, 437 (Ky.1990). Because the compensatory damage instruction permitted the jury to award damages not authorized under Kentucky law, submitting the instruction constitutes palpable error. *See Childers Oil Co., Inc. v. Adkins,* 256 S.W.3d 19, 27 (Ky.2008).

■■■ For the reasons stated, we are compelled to reverse the compensatory damages award of $65,000. Generally, in instances where a litigant establishes a cause of action but has not established an entitlement to compensatory damages, nominal damages may be awarded. *Stoll Oil Refining Co. v. Pierce,* 343 S.W.2d 810, 811 (Ky.1961). As stated, Clark does not contend nominal damages were not recoverable in this fraud action and for that reason, remand is appropriate for an award of nominal damages in an amount to be determined by the trial court. However, we instruct the trial court that amount should be consistent with *Stoll,* where the Court held the amount must be truly nominal. *Id.* We now address the punitive damages award.

■■■ The rule that punitive damages may be awarded even when a nominal amount is awarded as damages was established early in our jurisprudence in *Louisville & N.R. Co. v. Ritchel,* 148 Ky. 701, 147 S.W. 411, 414 (1912) (citation omitted):

It is true that there are respectable authorities which appear to hold that punitive damages cannot be awarded when the actual injury is merely nominal. In our opinion, however, this view is not correct, and does not agree with a great weight of authority. The correct rule, we think, is that if a right of action exists; that is, if the plaintiff has suffered an injury for which compensatory damages might be awarded although

nominal in amount, he may in a proper case recover punitive damages.

Again, our discussion is limited to the issues presented by Clark who does not dispute that punitive damages were available to Cohen or that the instructions were not consistent with Kentucky Revised Statutes (KRS) 411.186, Kentucky's punitive damages statute. Clark argues the jury's award is constitutionally excessive.

 The United States Supreme Court has held that a punitive damages award may offend the constitutional guarantee of due process under the United States Constitution. *BMW of North America Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Three guideposts, referred to as the *Gore* factors, apply when considering the excessiveness of a punitive damage award:

(1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 409, 123 S.Ct. 1513, 1515, 155 L.Ed.2d 585 (2003). The United States Supreme Court has indicated that an appellate court's review of a punitive damages award for excessiveness is conducted *de novo* and, therefore, a trial court's review is not necessarily a prerequisite. *Id.*

 The application of the first and third *Gore* factors is straight forward. As to the first factor, the amount of punitive damages may be higher when "the harm was the result of malice trickery, or deceit[.]" *Id.*, 123 S.Ct. at 1516. Here, Clark committed fraud and filed a merit-

less lawsuit, which supports a relatively high punitive award.

 The third factor does not favor the same result. We are unaware of any civil penalty for forgery or fraud in the present context. Although Cohen argues the forgery of the contract could constitute a felony and, under KRS 534.030, subject Clark to a financial penalty, Cohen's argument does little to justify the award in this case. The criminal nature of Clark's actions has little relevance:

When used to determine the dollar amount of the award ... the criminal penalty has less utility. Great care must be taken to avoid use of the civil process to assess criminal penalties that can be imposed only after the heightened protections of a criminal trial have been observed, including, of course, its higher standards of proof. Punitive damages are not a substitute for the criminal process, and the remote possibility of a criminal sanction does not automatically sustain a punitive damages award.

*Id.* at 428, 123 S.Ct. at 1526.

 The second factor, referred to as the ratio factor, is one that has proven most troubling for trial and appellate courts. Generally, to apply this factor, the punitive damages award is measured against the compensatory damages award. "[I]n essence, [it] is a multiplication problem, *i.e.*, punitive damages equals the compensatory award times the ratio written as a fraction[.]" *Ragland v. DiGiuro*, 352 S.W.3d 908, 921 (Ky.App.2010). In *McDonald's Corp. v. Ogborn*, 309 S.W.3d 274, 300 (Ky.App.2009), this Court observed: "[I]f all punitive damages awards were plotted on a graph, the resulting bell curve would show the median ratio of 1:1 at the curve's apex; only the awards at the extremities of the curve would be deemed constitutionally improper solely as a conse-

quence of their deviation from this median ratio."

Despite widespread acceptance of the ratio factor when compensatory damages are awarded, it is difficult to apply when only nominal damages are awarded. The United States Supreme Court recognized the difficulty in applying the ratio factor in such cases and indicated a nominal damage award may actually support a higher ratio of an award of punitive damages than a higher compensatory amount:

Indeed, low awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages. A higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine.

*Gore,* 517 U.S. at 582, 116 S.Ct. at 1602.

In the event of nominal damages, the ratio factor would inevitably result in minimal punitive damages. Single digit punitive damage awards would do little to further punitive and deterrent objectives of such awards. *Phelps v. Louisville Water Co.,* 103 S.W.3d 46, 55 (Ky.2003). "A reasonable ratio in one instance may frustrate this purpose if a plaintiff's compensatory damages are particularly small." *Id.*

Well-reasoned federal authorities have concluded the ratio factor ill suited when nominal damages are awarded. *See e.g. Romanski v. Detroit Entm't, L.L.C.,* 428 F.3d 629, 645 (6th Cir.2005) (the ratio factor had "limited relevance" in a § 1983 cases where "the basis for the punitive damages award was the plaintiff's unlawful arrest and the plaintiff's economic injury was so minimal as to be essentially nominal"); *Kemp v. American Tel. & Tel. Co.,* 393 F.3d 1354, 1364 (11th Cir.2004) (applying a single-digit multiplier factor would

not punish and deter the defendant); *Williams v. Kaufman County,* 352 F.3d 994, 1016 (5th Cir.2003) (ratio analysis cannot be effectively applied where only nominal damages awarded).

While we disagree with Clark that the ratio factor alone warrants a conclusion that the punitive damages award of $95,000 is excessive, we do agree the jury's award of $65,000 of compensatory damages based on the attorney fees incurred affected the award of punitive damages. It is highly probable that with an award of only nominal damages, the punitive damages award would be likely much lower.

■■■ . Retrial on a distinct and severable issue is permitted unless retrial would result in injustice. *Nolan v. Spears,* 432 S.W.2d 425, 428 (Ky.App.1968). Here, we do not believe a retrial on the amount of punitive damages would result in an injustice and conclude it is the proper remedy. However, we recognize the punitive damages awarded may be significantly lower than awarded in the first trial and that the question of attorney fees will again arise either at trial or in a post-judgment motion.

Under the reasoning of some jurisdictions, attorney fees are an element of punitive damages. *See e.g. Umphrey v. Sprinkel,* 106 Idaho 700, 682 P.2d 1247 (1983) (reasonable attorney fees proper element of punitive damages); *Hofer v. Lavender,* 679 S.W.2d 470, 474 (Tex.1984) (exemplary damages are to compensate for inconvenience and attorney fees); *Villella v. Waikem Motors, Inc.,* 45 Ohio St.3d 36, 543 N.E.2d 464 (1989) (if punitive damages are awarded, the jury may award reasonable attorney fees).

In *St. Luke Evangelical Lutheran Church, Inc. v. Smith,* 318 Md. 337, 350, 353–54, 568 A.2d 35, 43 (1990) (citation omitted), the Court's reasoning for permit-

ting the jury to consider attorney fees as an element of punitive damages encompassed the common justifications for the rule:

> When a jury determines that punitive damages are appropriate and has considered reasonable attorney's fees, two seemingly disparate goals are satisfied. First, because the jury will be offered objective guidance in calculating the amount of its punitive award, punitive damages will be more accurately measured and the potential for abuse decreased. Second, the plaintiff can be made truly whole in precisely those kinds of cases in which the defendant's wrongful conduct is found to be at its most flagrant, for only in such cases are punitive damages warranted. Therefore, to aid the jury in calculating an amount of punitive damages that will deter a party from future wrongful conduct, evidence of reasonable attorney's fees may be considered by the jury whenever punitive damages are appropriate.

While there may some logic to permitting a jury to consider attorney fees as an element of punitive damages, a jury's consideration of attorney fees in determining the amount of punitive damages is philosophically inconsistent with the view that a court, and not a jury, determines a reasonable amount of attorney fees. The reason for the rule is sound.

▆▆▆ Attorney fees must be reasonable requiring the trial court to rely in large part on its own expertise and the factors considered are well beyond the knowledge of the jury. Those factors include:

(a) Amount and character of services rendered.

(b) Labor, time, and trouble involved.

(c) Nature and importance of the litigation or business in which the services were rendered.

(d) Responsibility imposed.

(e) The amount of money or the value of property affected by the controversy, or involved in the employment.

(f) Skill and experience called for in the performance of the services.

(g) The professional character and standing of the attorneys.

(h) The result secured.

*Axton v. Vance*, 207 Ky. 580, 269 S.W. 534, 536–37 (1925). Submitting the issue to the jury would be asking the jury to make a factual finding as to the reasonableness of attorney fees, a function reserved for the court. As noted in *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991): "The trial judge is generally in the best position to consider all relevant factors and require proof of reasonableness from parties moving for allowance of attorney fees."

▆▆▆ Moreover, although punishment is often stated as the reason for permitting a jury to consider attorney fees in calculating punitive damages, permitting the jury to consider such fees focuses more on making the injured party "whole" rather than on the egregiousness of the wrongful party's conduct. Under a theory of making the prevailing party "whole," attorney fees become more likened to the purpose of compensatory damages rather than punitive damages. In Kentucky, the two items of damage are distinct. As stated in *Jackson*, 285 S.W.3d at 297–98 (internal quotations and citations omitted):

> A plaintiff is compensated for injuries through actual, or compensatory damages. As the name implies, actual or compensatory damages seek to make the plaintiff whole by awarding an amount of money designed to equal the wrong done by the defendant. Punitive

damages, in contrast, do not compensate for injuries, but rather serve to punish or deter a person, and others, from committing such acts in the future. Accordingly, punitive damages have no relation to compensating a plaintiff for injury, but instead exist as a punishment for the wrongdoer.

A final reason we reject the notion that a jury may consider attorney fees as an element of punitive damages is it would essentially set the minimum punitive damages amount. Again, the focus of punitive damages in this Commonwealth is punishment and deterrence. An award in the amount of attorney fees may or may not accomplish that purpose.

However, the question remains whether attorney fees have any role in the trial court's post-judgment review of a punitive damage award. We believe that it may under equitable principles.

As recognized in *Batson*, the equitable rule that a trial court may award attorney fees within its discretion is not abolished by the American Rule. *Batson*, 980 S.W.2d at 577. In a more recent case, this Court affirmed an award of attorney fees based on equity stating:

> We now turn to the question of costs and attorney fees. In Kentucky, attorney fees "are not allowable as costs in absence of statute or contract expressly providing therefore." *Kentucky State Bank v. AG Services, Inc.*, 663 S.W.2d 754, 755 (Ky.App.1984) (citing *Holsclaw v. Stephens*, 507 S.W.2d 462 (Ky.1973); *Dulworth & Burress Tobacco Warehouse Company, Inc. v. Burress*, 369 S.W.2d 129 (Ky.1963)). However, this "American Rule" does not abolish the equitable rule that "an award of counsel fees is within the discretion of the court

depending on the circumstances of each particular case." *Id.* (citing *Dorman v. Baumlisberger*, 271 Ky. 806, 113 S.W.2d 432 (1938)).

*Smith*, 419 S.W.3d at 59 (Ky.App.2013). We conclude that when punitive damages are available, equity permits the trial court to award attorney fees.

Punitive damages are reserved for only the most egregious acts and recoverable only if it is proven by clear and convincing evidence that an opposing party acted with oppression, fraud, or malice. KRS 411.184.[1] Particularly when a punitive damage award is so low that an award can only be characterized as a "Phyrrhic victory," an award of attorney fees is appropriate. *Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 306 (Ky.2000). In *Alexander*, the Court held that the denial of attorney fees was not an abuse of discretion where the punitive damage award exceeded the amount of attorney fees requested. *Id.* Logically, the opposite would be true. An award of punitive damages far below the amount of attorney fees incurred by the winning party would justify an award of reasonable attorney fees not as compensation to the victor but to punish the wrongdoer.

On remand and upon proper post-judgment motion, the trial court is instructed to consider an award of attorney fees in light of whether the punitive damages awarded are inadequate to punish and deter Clark from future similar conduct and, within its discretion, award reasonable fees.

Finally, we address Clark's contention he was entitled to a jury instruction on his claim that Cohen breached an oral contract. We conclude this issue was

---

1. In *Williams v. Wilson*, 972 S.W.2d 260, 269 (Ky.1998), the Kentucky Supreme Court declared KRS 411.184(1)(c) containing a definition of malice unconstitutional.

not preserved for this Court's review. As earlier stated, CR 51(3) instructs that a error regarding a jury instruction is not preserved unless a party "has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection."

At trial, Clark moved for leave to amend his complaint for the purpose of asserting an oral contract claim. The trial court granted the motion. Although the trial court clearly invited Clark to make any objections to its instructions, Clark responded he had no objections and did not tender an instruction on breach of an oral contract. Unlike the compensatory damage instruction which permitted the jury to award an element of damages not recoverable as compensatory damages, the error, if any, of not giving an instruction on Clark's claim of a breach of an oral contract does not rise to the level of palpable error.

For the reasons stated, the award of compensatory damages is reversed. We reverse and remand for an award of nominal damages and a new trial on the amount of punitive damages. After such an award and upon proper motion, the trial court may consider the issue of attorney fees.

ALL CONCUR.